CONNECTICUT STATE MEDICAL SOCIETY
*v.* CONNECTICARE, INC.
(SC 17072)

Sullivan, C. J., and Norcott, Katz, Palmer and Zarella, Js.

Argued April 13, 2004—officially released January 11, 2005

for its own injury must demonstrate that that injury is direct as opposed to derivative or indirect.

*Edith M. Kallas*, pro hac vice, with whom were *Ilze C. Thielmann*, pro hac vice, *James E. Hartley, Jr.*, and, on the brief, *H.C. Kwak*, for the appellant-appellee (plaintiff).

*Stacy Allen*, with whom were *Breck Harrison*, pro hac vice, and, on the brief, *Jennifer Rogers*, pro hac vice, for the appellee-appellant (defendant).

*Opinion*

PALMER, J. The plaintiff, Connecticut State Medical Society, a federation of eight county medical associations with a total membership of more than 7000 physicians, brought this action under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., against the defendant, ConnectiCare, Inc., a managed care organization that provides medical insurance coverage within Connecticut. The plaintiff alleged that the defendant had engaged in an unfair and deceptive scheme to avoid making timely and complete payments to the plaintiff's member physicians for medical services rendered by those physicians to the defendant's subscribers. The plaintiff further alleged that the defendant's conduct had "injured [the plaintiff] in its

own right[1] because [the plaintiff] has been, and continues to be, frustrated by [the] defendant's practices in its efforts to assist its physician members in providing top quality care to their patients, and [the plaintiff] has been required to devote significant resources to dealing with the issues concerning [the] defendant's unfair practices."[2] The defendant filed a motion to strike the plaintiff's second amended complaint, claiming, inter alia, that the plaintiff lacked standing to bring the action in its individual capacity because the harm that the plaintiff allegedly had suffered as a result of the defendant's allegedly improper conduct was derivative, indirect and too remote. The trial court granted the defendant's motion and subsequently rendered judgment for the defendant, from which the plaintiff appealed.[3] On appeal, the plaintiff claims that, contrary to the conclusion of the trial court, it is a proper party to this action.

The plaintiff's appeal arises in a factual and legal context that is the same in all material respects as that of the companion case of *Connecticut State Medical Society* v. *Oxford Health Plans (CT), Inc.*, 272 Conn.

---

[1] The plaintiff also brought this action on behalf of its member physicians. The trial court granted the defendant's motion to dismiss with respect to the plaintiff's representational claim, however. The plaintiff has not appealed from that ruling and, therefore, it is not an issue in this appeal.

[2] Although the plaintiff sought injunctive relief only, it also alleged in its complaint that it had "expended significant staff time and monetary resources, totaling at least in the hundreds of thousands of dollars," as a result of the defendant's allegedly improper conduct.

[3] The plaintiff appealed to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

We note that the defendant cross appealed, claiming that the trial court should have granted its motion to strike on another ground, namely, that the plaintiff's CUTPA claim was barred under the applicable statute of limitations. See General Statutes § 42-110g (f). We conclude that the defendant should have raised this issue as an alternative ground for affirmance rather than in a cross appeal. See Practice Book § 61-8. In any event, we need not address this issue in light of our conclusion that the trial court properly granted the defendant's motion to strike.

469, 863 A.2d 645 (2005), in which we fully addressed and rejected a claim that is identical to the claim that the plaintiff raises in the present case. For the reasons set forth in *Connecticut State Medical Society* v. *Oxford Health Plans (CT), Inc.*, supra, 479–82, we also reject the plaintiff's contention that the trial court improperly granted the defendant's motion to strike in the present case.

The judgment is affirmed.

In this opinion the other justices concurred.